UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY MOORE and DON LUCAS, | No. 1:17-cv-01480-DAD-BAM |
| Plaintiffs, | |
| v. | ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| SUPERWAY LOGISTICS, INC. and SANDEEP SINGH, | (Doc. No. 20) |
| Defendants. | |

This matter is before the court on defendants' motion for summary judgment. (Doc. No. 20.) On August 7, 2018, that motion came before the court for hearing. Attorney Joseph Caputo appeared on behalf of plaintiffs Billy Moore and Don Lucas. Attorney James H. Wilkins appeared on behalf of defendants Superway Logistics, Inc. and Sandeep Singh. Having reviewed the parties' briefing, and having heard the arguments of counsel, the court will deny defendants' motion.

**BACKGROUND**

In the complaint, plaintiffs allege as follows. On January 22, 2016, plaintiff Lucas was driving a 2016 Kenworth tractor while traveling eastbound on Interstate 40, with plaintiff Moore in the vehicle as a passenger. (Doc. No. 1 at ¶¶ 7–8.) Plaintiffs' vehicle was stopped due to traffic conditions. (*Id.* at ¶ 9.) Defendant Singh, an employee of defendant Superway Logistics,

1

Inc., was driving a 2014 Freightliner Tractor, also traveling eastbound on Interstate 40. (*Id.* at 10–14.) Not realizing that traffic had stopped, defendant Singh was unable to slow his vehicle in time, and collided with plaintiffs' vehicle. (*Id.* at 17–18.) Plaintiffs allege a total of eight causes of action, each sounding in negligence.

Plaintiffs' complaint was filed on November 3, 2017. (Doc. No. 1.) On June 20, 2018, defendants moved for summary judgment, arguing that this action was barred by the applicable statute of limitations. (Doc. No. 20.) Plaintiffs filed an opposition on July 27, 2018 (Doc. No. 21), and defendants filed a reply on July 31, 2018. (Doc. No. 23.)

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, as plaintiff does here, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other

facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the non-moving party, *see Anderson*, 477 U.S. at 250; *Wool v. Tandem Computs. Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Contra Costa Cty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d

898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

## ANALYSIS

This unique issue posed by the pending motion turns on the question of which state's statute of limitations applies, and whether defendants may assert the applicable statute of limitations as an affirmative defense even though they did not assert in their answer, the time for amendment of pleadings under the scheduling order is closed, but their motion for summary judgment was timely under that scheduling order. No clearly "fair" resolution of this question presents itself. On one hand, if the statute of limitations defense has been waived, a case may proceed to resolution that would otherwise be barred as untimely under the applicable statute of limitations. On the other, if the defense can now be belatedly raised even though not asserted in defendant's answer, then plaintiffs and their counsel have devoted time and resources to discovery and preparation of their case for trial over the last year for no reason. Recognizing that no resolution of the issue may be fully satisfactory, the court will analyze the applicable legal standards below.

"Because this is a diversity case, forum state law determines which state's statute of limitations governs." *Flowers v. Carville*, 310 F.3d 1118, 1123 (9th Cir. 2002) (citing *Guar. Tr. Co. v. York*, 326 U.S. 99 (1945) and *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). Although the traffic collision giving rise to this action occurred in Tennessee, states have traditionally "applied their own statutes of limitations even if the offending conduct happened elsewhere." *Id.* (citing *Sun Oil Co. v. Wortman*, 486 U.S. 717, 724–25 (1988)). Under this logic, California's two-year statute of limitations would apply here, making plaintiffs' action timely. However, this practice has historically permitted enterprising plaintiffs to engage in forum shopping by bringing actions in states with the longest statute of limitations periods. *Id.* To combat this, California and other states have passed so-called "borrowing statutes" (*id*.), which instruct courts to apply foreign statutes of limitations in appropriate cases. California's

4

borrowing statute provides:

> When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued.

Cal. Code Civ. P. § 361. Relying on this provision of California law, defendants now move for summary judgment in their favor contending that Tennessee's one-year statute of limitations applies to this action, making it untimely. *See* Tenn. Code § 28-3-104(a)(1)(A).

Neither party disputes that the facts giving rise to this action occurred in Tennessee, nor is it disputed that neither plaintiff is a citizen of California. Indeed, plaintiffs effectively concede the logic of defendants' argument in their opposition brief. Instead, plaintiffs argue that defendants have waived their argument that California's borrowing statute, and the Tennessee statute of limitations which application it calls for here, constitutes an affirmative defense because it was not asserted in defendants' answer. (Doc. No. 21 at 4–5.)

"Under the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived." *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (citing Fed. R. Civ. P. 8(c), 12(b), and 12(g)); *see also In re Adbox, Inc.*, 488 F.3d 836, 842 n.2 (9th Cir. 2007) (recognizing that Rule 8(c) lists the statute of limitations as affirmative defenses that are waived if not pled in the answer). Here, although defendants did plead in their answer that the complaint is barred by the statute of limitations, in doing so they cited to California Code of Civil Procedure §§ 335.1 and 340, which are unrelated to California's borrowing statute upon which they now rely. (Doc. No. 8 at 7.) By citing to an entirely separate provision in their answer than the provision on which they now move for summary judgment, defendants did not give plaintiffs "fair notice of the defense." *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). The court therefore finds—and defendants do not appear to dispute in their moving papers—that the affirmative defense defendants seek to assert was not adequately raised in their answer.

5

Notwithstanding that defendants failed to timely assert their affirmative defense in their answer, and notwithstanding that the time in which to amend the pleadings expired prior to the filing of the pending motion (*see* Doc. No. 17), defendants urge the court to excuse their noncompliance and permit them to raise Tennessee's statute of limitations as an affirmative defense. Defendants rely upon Federal Rule of Civil Procedure 15 and request that the court construe their motion as a motion to amend under that provision.

"Where plaintiffs 'fail to raise a claim properly in their pleadings . . . if they raised it in their motion for summary judgment, they should be allowed to incorporate it by amendment under Fed. R. Civ. P. 15(b).'" *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)) (internal brackets omitted) (quoting *Jackson v. Hayakawa*, 605 F.2d 1121, 1129 (9th Cir. 1979)).[1] "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. Fed. R. Civ. P. 15(a)(2).

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires," *id.*, and that policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Nevertheless, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See Amerisource Bergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971)); *see also Sonoma Cty. Ass'n of Retired*

---

[1] Although the court in *Desertrain* referred specifically to the ability of plaintiffs to amend their pleadings, this court finds no reason to conclude that this principle does not apply equally to defendants. Rule 15 makes no distinction between plaintiffs and defendants, and provides guidance as to how "a party" may amend its pleadings. Fed. R. Civ. P. 15(a)(1).

6

*Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

However, as plaintiffs point out, this case presents an additional consideration. To the extent the court construes defendants' motion as a motion to amend the pleadings so as to assert an additional affirmative defense, that motion was filed well after the deadline for amendments to the pleadings established by the scheduling order issued in this action. (*See* Doc. No. 17.) Under such circumstances, defendants must satisfy the more stringent "good cause" showing required under Rule 16, which governs the modification of scheduling orders. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, No. CV 14-1196 SS, 2017 WL 3449597, at *2 (C.D. Cal. Feb. 7, 2017); *Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp.*, No. SACV 15-1711 JVS (JCGx), 2016 WL 7626138, at *1 (C.D. Cal. Nov. 10, 2016). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Judges of this district have adhered to a three-step inquiry in determining whether good cause under Rule 16 has been satisfied:

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Wake Forest Acquisitions, L.P. v. Vanderbilt Commercial Lending, Inc.*, No. 2:15-cv-02167 KJM DB, 2018 WL 1586362, at *3 (E.D. Cal. Apr. 2, 2018) (brackets omitted); *Grant v. United States*, No. 2:11-cv-00360 LKK, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *report and recommendation adopted*, 2012 WL 218959 (E.D. Cal. Jan. 23, 2012); *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

/////

1    With respect to the first factor, the court finds that defendants were diligent in creating a
2    workable Rule 16 order.  Plaintiffs and defendants collaborated to produce the joint scheduling
3    report in this case (Doc. No. 12), which resulted in the assigned magistrate judge issuing the
4    scheduling order.  (Doc. No. 17.)  Defendants admittedly did not advise the magistrate judge in
5    the joint scheduling report that they might seek leave to amend their answer to add any
6    affirmative defenses.  *See Grant*, 2011 WL 5554878, at *5 (finding that plaintiff was not diligent
7    in assisting the court because "[p]laintiff had several opportunities to advise the court and
8    opposing counsel that he intended to amend his complaint to add the new claims that appear in
9    the proposed amended complaint prior to entry of the pretrial scheduling order, but failed to do
10   so").  However, defense counsel have explained that they simply did not consider choice of law
11   issues in this case until well after the joint scheduling report was filed.  (*See* Doc. No. 23 at
12   12.)  The court has no reason to doubt this assertion.  Under those circumstances, the court does
13   not find a lack of diligence by defendants in creating the scheduling order.
14       The court next considers the second factor, whether defendants' noncompliance occurred
15   because of the development of matters which could not have been reasonably foreseen or
16   anticipated at the time of the scheduling conference.  Such issues commonly arise in the course of
17   discovery, where an issue not previously known by the parties is brought to their attention.  *See*
18   *Kuschner*, 256 F.R.D. at 688 ("The uncontested evidence tendered to the court is that defendant
19   was unaware of the possible basis of the counterclaim until the December 2008 deposition.").
20   Here, such circumstances are lacking.  The factual basis of defendants' motion for summary
21   judgment—that the incident giving rise to this action occurred in Tennessee despite the action
22   being brought in California—was known to all parties at the outset of this litigation.  *See Brown*
23   *v. Brown*, No. CV 11-6897-JFW (RZX), 2012 WL 13008999, at *2 (C.D. Cal. Feb. 14, 2012)
24   (declining to make a finding of good cause "when all of the information was available to
25   [plaintiff] prior to the issuance of the [case management order]"); *Grant*, 2011 WL 5554878, at
26   *6 (finding that plaintiff had not demonstrated good cause because "plaintiff has not referenced
27   any new or previously unavailable information that motivated plaintiff's request for relief and
28   substantiates a finding of diligence"); *Jackson*, 186 F.R.D. at 609 (finding a lack of diligence after

8

plaintiff failed to point to any "new and previously unavailable information" that could justify modification of the scheduling order). Under such circumstances, defendants were on ample notice that choice-of-law issues could arise. Any failure to timely investigate such issues does not constitute good cause for this court to deviate from the scheduling order. *See Johnson*, 975 F.2d at 609.

As to the third factor, the record in this case indicates that defendants were diligent in seeking amendment of the scheduling order once they belatedly discovered the issue. Defendants' reply states that once this issue came to their attention, defense counsel promptly met and conferred with plaintiffs' counsel regarding this issue, and soon thereafter filed the instant motion. (*See* Doc. No. 23 at 12.) Nonetheless, because defendants failed to satisfy the second prong of the good cause test, the court declines to grant defendants' request to modify the scheduling order in this case. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.") (internal quotation marks omitted). Therefore, "there is no need to reach the Rule 15(a) standard." *Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

As noted above, there is no fully satisfactory resolution of the issue posed by the pending motion. Nonetheless, in sum, the court concludes that because the deadline for amendment of the pleadings under the February 9, 2018 scheduling order passed well before defendants' motion for summary judgment was filed, defendants were required to satisfy the "good cause" standard under Rule 16 to modify the scheduling order and assert the appropriate statute of limitations affirmative defense. Having failed to do so, defendants' motion for summary judgment (Doc. No. 20) is denied.

IT IS SO ORDERED.

Dated: **December 30, 2018**

UNITED STATES DISTRICT JUDGE