UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY MOORE and DON LUCAS,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERWAY LOGISTICS, INC. and SANDEEP SINGH,<br><br>Defendants. | No. 1:17-cv-01480-DAD-BAM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER<br><br>(Doc. No. 39) |

This matter is before the court on defendants' motion for leave to file an amended answer. (Doc. No. 39.) On March 12, 2019, that motion came before the court for hearing. Attorney Joseph Caputo appeared telephonically on behalf of plaintiffs, and attorney James Wilkins appeared on behalf of defendants. Having considered the parties' briefing, and having heard from counsel, defendants' motion will be denied.

**BACKGROUND**

In the complaint, plaintiffs allege as follows. On January 22, 2016, plaintiff Lucas was driving a 2016 Kenworth tractor while traveling eastbound on Interstate 40, with plaintiff Moore in the vehicle as a passenger. (Doc. No. 1 at ¶¶ 7–8.) Plaintiffs' vehicle was stopped due to traffic conditions. (*Id.* at ¶ 9.) Defendant Singh, an employee of defendant Superway Logistics, Inc., was driving a 2014 Freightliner Tractor, also traveling eastbound on Interstate 40. (*Id.* at

¶¶ 10–14.) Not realizing that traffic had stopped, defendant Singh was unable to slow his vehicle in time, and collided with plaintiffs' vehicle. (*Id.* at ¶ 17–18.) Plaintiffs allege a total of eight causes of action, each sounding in negligence. Plaintiffs' complaint was filed on November 3, 2017. (Doc. No. 1.)

On June 20, 2018, defendants moved for summary judgment, arguing that this action was barred by the applicable statute of limitations. (Doc. No. 20.) Specifically, defendants argued that by virtue of California's "borrowing statute," California's two-year statute of limitations did not apply to this action. *See* Cal. Code Civ. P. § 361. Instead, Tennessee's one-year statute of limitations applied, making plaintiffs' action untimely. *See* Tenn. Code § 28-3-104(a)(1)(A). Plaintiffs opposed this motion, pointing out that defendants had not asserted either provision as an affirmative defense in their answer. (Doc. No. 21.) Moreover, because the deadline in which to amend set by the scheduling order had expired on April 2, 2018 (*see* Doc. No. 17 at 1–2), defendants could not assert this affirmative defense without modifying the scheduling order, which they were permitted to do only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). The undersigned found that defendants had not established good cause to modify the scheduling order, because of which they would not be permitted to assert Tennessee's statute of limitations as an affirmative defense. (Doc. No. 36.) Defendants' motion for summary judgment was therefore denied. (*Id.*)

On August 17, 2018, the assigned magistrate judge issued a minute order vacating the deadlines set forth in the scheduling order pending this court's resolution of defendants' motion for summary judgment that had been taken under submission for decision. (Doc. No. 34.) Defendants now contend that as a consequence of the magistrate judge's minute order, they are no longer required to satisfy the "good cause" standard under Rule 16, as there is no longer a scheduling order to be modified. Instead, they argue that they are subject only to the constraints of Federal Rule of Civil Procedure 15, governing amendments to the pleadings. Plaintiffs filed their opposition to defendant's motion for leave to amend their answer on March 1, 2019. (Doc. No. 45.) Defendants filed their reply on March 7, 2019. (Doc. No. 46.)

/////

## LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. *Id.*

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *see also Alzheimer's Inst. of Am. v. Elan Corp.*, 274 F.R.D. 272, 276 (N.D. Cal. 2011).

Further, in determining futility, "[t]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied." *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (citing 3 Moore's Federal Practice P. 15.08(4) (2d ed. 1974)). Amendment is therefore proper "if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint.'" *United States v. Corinthian Colls.*, 655 F.3d 984, 955 (9th Cir. 2011) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)).

3

# ANALYSIS

Magistrate Judge McAuliffe's minute order is brief, and states merely:

> On August 17, 2018, the Court convened a hearing on Defendants' motion for the physical examinations of Plaintiffs Billy Moore and Don Lucas. The Court and parties discussed the status of this action, including the pending motion for summary judgment. As agreed on the record, and for good cause, the deadlines set forth in the Scheduling Conference Order issued on February 9, 2018, are HEREBY VACATED, and Defendants' motion for physical examinations shall be HELD IN ABEYANCE pending resolution of the motion for summary judgment. Within one (1) week following resolution of the summary judgment motion, Defendants shall file a status report with the Court. If necessary and appropriate, the Court then will re-calendar the matter for further scheduling.

It is apparent that the order was directed solely at the then still-upcoming deadlines set by the February 9, 2018 scheduling order. At the time the minute order was issued on August 17, 2018, defendants' motion for summary judgment had already been taken under submission for decision by the undersigned on August 7, 2018. For purposes of judicial economy, the assigned magistrate judge declined to resolve the parties' discovery dispute that had arisen while the summary judgment motion was under submission. This was completely reasonable. Had defendants' motion for summary judgment been granted, any discovery dispute would have been rendered moot. Moreover, as Magistrate Judge McAuliffe stated on the record, the remaining discovery to be conducted in the case was "going to be timely and cost intensive." (Doc. No. 42 at 3:18.) Accordingly, the magistrate judge's order simply paused all proceedings "pending resolution of the motion for summary judgment" to prevent the parties from needlessly incurring legal expenses. This ruling was certainly applicable to the then-upcoming deadlines under the February 9, 2018 scheduling order. However, it was clearly inapplicable to scheduling order deadlines that had already expired before the minute order issued—no savings of judicial resources would have been achieved by excusing the parties from any failure to comply with the deadlines that had already come and gone. The text of the order gives no indication that the magistrate judge intended to vacate the scheduling order deadlines that had already passed or intended to reopen any phases of the litigation that had already expired. Moreover, a review of the transcript of the hearing from which the magistrate judge's minute order stemmed reflects no

discussion of the re-opening of already closed phases of the litigation. Finally, the undersigned can conceive of no reason why the magistrate judge would have sought to do so.

In the pending motion to amend, defendants do not even attempt to grapple with this reality. Instead, they simply assume that the magistrate judge's order vacated all deadlines set in the February 9, 2018 scheduling order that had already passed as well as future deadlines and proceed to discuss whether amendment is appropriate under Rule 15. The court rejects defendants' reading of the magistrate judge's August 17, 2018 minute order. The court concludes that the minute order did not vacate the scheduling order deadline for the amendment of pleadings which had passed on April 2, 2018. Therefore, any amendment sought after April 2, 2018 necessarily required a modification of that deadline under Rule 16. As this court has already held, defendants have not demonstrated good cause for this court to do so. Accordingly, the court need not address defendants' arguments regarding the propriety of amendment under Rule 15.

Defendants' new argument is too clever by half in the court's view. As noted in the order denying defendants' motion for summary judgment, it appears neither party was aware that Tennessee's statute of limitations provision might govern these proceedings. However, the attorneys are responsible for familiarizing themselves with applicable law, including relevant affirmative defenses. Under Federal Rule of Civil Procedure 8(b)(1), defendants were charged with asserting any defenses in their answer, and the scheduling order in this case required that defendants do so in a reasonably timely manner. As the court has already held, defendants have

/////
/////
/////
/////
/////
/////
/////
/////
/////

failed to put forward any valid excuse for their failure to do so with respect to the affirmative defense they now belatedly seek to assert. The court declines to revisit that holding.[1]

For these reasons, defendants' motion to amend (Doc. No. 39) is denied.

IT IS SO ORDERED.

Dated: **March 14, 2019**

UNITED STATES DISTRICT JUDGE

---

[1] The court also rejects the suggestion, advanced by defendants' counsel at the hearing on the pending motion to amend, that the court's application of Federal Rule of Civil Procedure 16 in this case was "extreme." Counsel is certainly entitled to his opinion. However, the court adheres to its belief that while this rule may in some circumstances produce an arguably unjust result, the court's application of Rule 16 in this case is in accord with that of other district courts in the Ninth Circuit. *See, e.g.*, *Russo-Wood v. Yellowstone County*, No. CV 17-38-BLG-TJC, 2019 WL 1102680, at *5 (D. Mont. Mar. 7, 2019) ("Regardless of the scope of the proposed amendment, . . . parties are expected to comply with scheduling orders."); *Seattle Pac. Indus., Inc. v. S3 Holding LLC*, No. C18-0224RSL, 2019 WL 1013426, at *1 (W.D. Wash. Mar. 4, 2019) (denying defendants' motion for leave to amend their answer and to add counterclaims because they were not diligent in pursuing the factual basis for those new theories); *Rigsbee v. City & Cty. of Honolulu*, No. CV 17-00532 HG-RT, 2019 WL 984276, at *5 (D. Haw. Feb. 28, 2019) (finding that defendant could not establish good cause under Rule 16 to modify its answer and add an additional affirmative defense because "[t]here can be no dispute that Defendant had notice of the potential availability of the defense since proceedings commenced in October 2017").

6