UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY MOORE, *et al.*,

   Plaintiffs,

 vs.

SUPERWAY LOGISTICS, INC., *et al*.,

   Defendants.

Case No. 1:17-cv-01480-DAD-BAM

**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL**

(Doc. No. 53)

  Currently before the Court is Plaintiffs Billy Moore and Don Lucas' ("Plaintiffs") motion to compel the depositions of Gurlikat Singh, Jagmeet Singh, and Bharpur Singh. (Doc. No. 53.) The Court deemed this matter suitable for decision without oral argument pursuant to Local Rule 230(g). Having considered the motion, the parties' Joint Statement re Discovery Disagreement, and the record in this matter, the Court DENIES Plaintiffs' motion to compel.

**I. BACKGROUND**

**A. Relevant Procedural and Factual Background**

  Plaintiffs filed this action on November 3, 2017, against Defendants Superway Logistics, Inc. ("Defendant Superway"), and Sandeep Singh ("Defendant Singh," collectively "Defendants") on the basis of diversity jurisdiction. (Doc. No. 1.) The complaint alleges that Defendant Singh collided with the rear of Plaintiffs' vehicle on January 22, 2016, while the parties were driving on Interstate 40. (*Id.*) Plaintiffs allege that Defendant Singh was an employee of Defendant Superway and was in the course and scope of his employment at the time of the collision. (*Id.*) The complaint sets forth claims under California state law for negligence, negligence per se, respondeat superior, negligent hiring, negligent training, negligent supervision, negligent retention, and negligent entrustment arising out of the collision

between Plaintiffs and Defendant Singh. (*Id.*) On December 28, 2017, Defendants filed an answer to the complaint which, in relevant part, admitted that Defendant Singh was Defendant Superway's employee and was in the course and scope of his employment at the time of the collision but denied that either Defendant was negligent. (Doc. No. 8.)

### B. History of the Parties' Discovery Dispute and Meet and Confer Efforts

On April 19, 2018, Plaintiffs deposed Defendant Singh. (Doc. No. 61-1 at Ex. B.) During the deposition, a dispute arose regarding the proper scope of questioning of Defendant Singh and the parties jointly requested an informal ruling from the Court. (*Id.*; Doc. Nos. 18, 19.) Counsel for Defendant stipulated on the deposition record that Defendant Singh was in the course and scope of his employment with Defendant Superway and that Defendant Singh was negligent in causing the accident. (Doc. Nos. 18, 19, 61-1 at Ex. B, p. 23:4-24:9, 30:4-8, 31:23-32:9.) The Court ruled, upon stipulation of the parties, that the scope of the deposition would include the facts and circumstances surrounding the accident and inquiry into the supervision and training of Defendant Singh would be limited to a maximum of thirty minutes. (Doc. Nos. 18, 19, 61-1 at Ex. B, p. 39:6-16.) On April 30, 2018, Defendant Superway served verified responses to Plaintiffs' Requests for Admissions, Set One, admitting that Defendant Singh was in the course and scope of his employment with Defendant Superway at the time of the accident, was the cause of the accident, and was at fault for causing the accident. (Doc. No. 62 at Ex. I.)

On May 17, 2018, Plaintiffs' counsel sent a letter to Defendants' counsel addressing certain responses to Plaintiffs' written discovery that are not subject to the motion and including a short request for proposed dates for the depositions of Gurlikat Singh, Jagmeet Singh, and Bharpur Singh, who purportedly are or were three of Defendant Superway's employees (the "Superway Employees"). (Doc. No. 61-1 at Ex. C.) Defendants responded by letter dated May 25, 2018, generally addressing their written discovery responses but also briefly indicating their disagreement with the propriety of deposing the Superway Employees. (*Id.*) Defendants suggested that the parties schedule a hearing with the Court to discuss the issue in advance of taking any depositions. (*Id.*) Counsel for Plaintiffs reiterated his request to depose the Superway Employees by e-mail dated January 9, 2019, and letter dated February 4, 2019. (Doc. No. 61-1 at Exhs. D, E.) Counsel for Defendants responded by letter dated February 8, 2019, citing to California law regarding the effect of an employer's admission of vicarious liability and

again proposed that the parties submit the matter to the Court "for clarification in advance of the depositions" in order to "avoid spending unnecessary time, expense, fees and costs in creating a record[.]" (*Id.* at Ex. E.)

On March 5, 2019, Plaintiffs' counsel sent a letter to Defendants' counsel enclosing a "Stipulation of Liability" proposing that Defendants stipulate "to 100% liability in this matter . . . to all causes of action currently pled by the Plaintiffs . . . and . . . agree not to argue any liability facts in trial." (Doc. No. 61-1 at Ex. F.) Counsel for Defendants responded by letter dated March 12, 2019, declining to sign the proposed stipulation because there may be "liability facts" still in dispute beyond Defendants' stipulation of vicarious liability. (*Id.* at Ex. A.) Defendants proposed a stipulation that they would not argue or make any claim that any third parties were responsible for the accident. (*Id.*) On March 16, 2019, counsel for Plaintiffs responded by e-mail stating that Plaintiffs would be filing a motion to compel the depositions of the Superway Employees. (Doc. No. 62 at Ex. K.)

On April 19, 2019, Plaintiff filed a motion to compel the depositions of the Superway Employees which was set to be heard on May 10, 2019. (Doc. No. 53.) The parties filed a Joint Statement re Discovery Disagreement pursuant to Local Rule 251 on May 3, 2019. (Doc. No. 57.) On May 6, 2019, Defendants requested that the Court vacate or continue the May 10, 2019 hearing on the motion on the basis that Defendants did not have adequate time to participate in preparing the Joint Statement re Discovery Disagreement. (Doc. No. 59.) On May 7, 2019, the Court continued the hearing on the motion to compel to May 17, 2019, in order to allow Defendants to fully brief the state law issues raised. (Doc. No. 60.) The parties filed an additional Joint Statement re Discovery Disagreement pursuant to Local Rule 251 On May 10, 2019. (Doc. No. 61.) On May 13, 2019, the Court vacated the hearing on the motion and took the matter under submission pursuant to Local Rule 230(g). (Doc. No. 63.)

**II.     LEGAL STANDARD**

Courts have wide discretion in controlling discovery. *Jeff D. v. Otter,* 643 F.3d 278, 289 (9th Cir. 2011) (citing *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988)). "Unless otherwise limited by court order . . . parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). This requires consideration of factors such as "the importance of the issues at stake in the action, the amount

3

in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The party seeking to compel discovery has the burden of establishing that the information is relevant. *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). Once that showing is made, or if relevance is plain from the face of the request, the party resisting discovery then has the burden of showing that discovery should not be allowed and of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Depositions are governed by Federal Rule of Civil Procedure 30, which states, in pertinent part, that "[a] party may, by oral questions, depose any person, including a party, without leave of court[.]" Fed. R. Civ. P. 30(a)(1). Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery or taking a deposition may seek an order compelling discovery if a deponent fails to answer a question asked under Rule 30. Fed. R. Civ. P. 37(a)(3)(B)(i). The Court, on motion, may additionally order sanctions if a party fails, after being served with proper notice, to attend his own deposition. Fed. R. Civ. P. 37(d)(1). The Federal Rules of Civil Procedure also provide that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1); *see also Forte v. County of Merced*, 2014 WL 4745923, *6 (E.D. Cal. Sept. 23, 2014) (reasoning that a court may enter a protective order sua sponte); *accord, McCoy v. Southwest Airlines Co.,* 211 F.R.D. 381, 385 (C.D. Cal. 2002); *Coleman v. Schwarzenegger,* 2007 WL 4276554 (E.D. Cal. Nov. 29, 2007).

**III. DISCUSSION**

**A. The Motion is Premature**

Plaintiffs request that the Court issue an order compelling the depositions of the Superway Employees because Defendants have refused to make them available for deposition. (Doc. No. 53 at p. 6.) However, it appears from the parties' Joint Statement re Discovery Dispute and the corresponding exhibits that Plaintiffs have not yet noticed these witness' depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) or issued any subpoenas to the Superway Employees directly under Federal Rule of

4

Civil Procedure 45.[1]  A motion to compel attendance at a deposition is not ripe for decision where no notice or subpoena has issued and the deposition has not yet occurred. *Linares v. Costco Wholesale, Inc.,* 2013 WL 5434570, at *6 (S.D. Cal. Mar 7, 2013) (reasoning that a motion to compel deposition testimony is not ripe for decision where the deposition has yet to occur); *accord, Wilson v. Greater Las Vegas Ass'n of Realtors,* 2016 WL 1734082, at *1 fn. 1 (D. Nev. May 2, 2016); *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.,* 2007 WL 4374214, at *1 (E.D. Cal. Dec. 14, 2007) (finding that a motion to compel discovery is premature where it is filed before a response is due); *Boy Racer, Inc. v. Williamson,* 2012 WL 1555063, at *2 (E.D. Cal. May 1, 2012) (denying motion to compel compliance with yet-to-be-served subpoenas as prematurely filed). Plaintiffs accordingly seek an order compelling compliance with a discovery obligation that does not yet exist. *Boy Racer, Inc.,* 2012 WL 1555063, at *2. As there is no actual dispute before the Court, Plaintiffs' motion is prematurely filed and subject to denial on that basis.

**B.     The Parties Did Not Adequately Meet and Confer Prior to Filing the Motion.**

Plaintiffs additionally have not demonstrated why the parties were unable to work toward resolution without the Court's intervention. Federal Rule of Civil Procedure 37(a)(1) states that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 251(b) likewise provides that a discovery motion will not be heard unless the parties have held a conference "in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion."

---

[1] When a party seeks to depose the employee of an entity party, the deposition may be noticed, and a subpoena is not necessary, if the deponent is an officer, director, or managing agent of the entity or if the party seeking discovery describes the subject matter of the deposition with reasonable particularity and allows the corporation to designate an appropriate witness. *Botell v. United States,* 2013 WL 360410, at *4 (E.D. Cal., Jan. 29, 2013); *Nutrition Distribution, LLC, v. Enhanced Athlete, Inc.,* 2018 WL 888972, at *2 (E.D. Cal., Feb. 14, 2018); *Calderon v. Experian Info. Sols., Inc.,* 287 F.R.D. 629, 631 (D. Idaho 2012), *aff'd*, 290 F.R.D. 508 (D. Idaho 2013). Otherwise, "the party seeking the discovery must proceed as though the person is an ordinary non-party witness and obtain a subpoena to secure the attendance of the deponent." *Calderon,* 287 F.R.D. at 631. As the parties' briefing does not indicate whether the Superway Employees are officers, directors, or managing agents of Defendant Superway and Plaintiffs do not appear to have issued a notice designating the categories of examination, the basis for Plaintiffs' contention that Defendants are obligated to produce the Superway Employees for deposition is unclear. (*See* Doc. Nos. 53, 61, 62.)

5

*See also* E.D. Cal. L.R. 251(c) (requiring the parties to specify the details of their Local Rule 251(b) conference with particularity in the Joint Statement re Discovery Disagreement).

Plaintiffs' motion does not contain the required certification pursuant to Federal Rule of Civil Procedure 37(a)(1) that the parties met and conferred in good faith prior to filing the motion. (Doc. No. 53.) *See Cavanaugh v. Southern California Permanente Medical Group, Inc.*, 583 F.Supp.2d 1109, 1139 (C.D. Cal. 2008) (denying motion to compel where moving party failed to include certification that the movant has met and conferred in good faith). It also appears from the parties' briefing that they did not adequately meet and confer before filing either the motion or the Joint Statement re Discovery Disagreement. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) ("Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place."). In order to satisfy their meet and confer obligations, "parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* (internal quotations and citations omitted). "Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention 'only in extraordinary situations that implicate truly significant interests.'" *Id.* (quoting *In re Convergent Techs. Securities Litig.,* 108 F.R.D. 328, 331 (N.D.Cal.1985)).

Here, the Joint Statement re Discovery Disagreement and exhibits thereto describe the parties' meet and confer efforts prior to filing the motion as consisting of each party sending no more than five letters or e-mails over the course of approximately eleven months. (Doc. Nos. 53, 57, 61, 62.) The most extensive discussion of the issues prior to the filing of the motion appears to have occurred in a February 8, 2019 letter from Defendants containing one paragraph briefly explaining the basis of Defendants' position. (Doc. No. 61-1 at Ex. E.) The parties' correspondence otherwise consists entirely of demands of compliance with their respective positions without a meaningful exchange of ideas or opinions. *See Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995) ("Sending a letter to the opposing party demanding compliance with a discovery request is not what this Court regards as an earnest attempt to 'meet and confer' on the issues. Rather, a live exchange of ideas and opinions is required."). The parties' correspondence additionally indicates that they sought the Court's involvement in lieu of engaging in substantive meet and confer efforts or creating a record of the Superway

Employees' depositions because they believed obtaining the Court's clarification in advance would be a more efficient use of their time and resources.[2] (Doc. No. 61-1 at Exhs. C, D, E.) *See F.D.I.C. v. Anderson,* 2013 WL 146427, at *5 (E.D. Cal. Jan. 14, 2013) ("[A] moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention.") (citation omitted). Furthermore, the parties' efforts to meet and confer and conduct a Local Rule 251 conference after the motion was filed solely involved exchanging revisions to the Joint Statement re Discovery Disagreement by e-mail, purportedly including several arguments, authorities, and explanations of their respective positions that had never been exchanged before, without any live exchange of ideas or opinions. (*See* Doc. Nos. 67, 58, 59, 61.) *Cardoza*, 141 F. Supp. 3d at 1145 ("the parties [must] 'present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions.'") (citations omitted).

There is no indication that the parties ever met and conferred telephonically or in person to resolve their dispute at any time before or after the motion was filed. The Court does not consider the parties' efforts to be a good faith attempt to resolve the parties' dispute prior to filing the motion or the Joint Statement re Discovery Disagreement and Plaintiffs' motion is therefore subject to denial for failure to adequately meet and confer. *See Rogers v. Giurbino,* 288 F.R.D. 469, 477-478 (S.D. Cal. 2012) (reasoning that a party's failure to meet and confer prior to filing a motion to compel discovery provides sufficient grounds for denial, but courts have discretion to address the merits of the motion despite the failure).

**C.     The Testimony is Not Relevant or Proportional to Plaintiffs' Negligence Claims**

---

[2] Notably, the parties did not pursue the Court's informal discovery dispute resolution procedures, which are designed to streamline the discovery dispute resolution process and would have allowed the Court to issue a ruling upon stipulation of the parties without the necessity of a formal noticed motion. Counsel is reminded that this is one of the busiest Courts in the nation and more prudent negotiation strategies, including utilization of the Court's procedures that are designed to more efficiently resolve discovery disputes, would save time, prevent unnecessary delay, and result in less burden on the attorneys and the Court. Alternatively, the parties are informed that, consistent with other cases involving continuous discovery disputes, the Court may order **all** counsel of record to personally appear in court to meet and confer and resolve any outstanding discovery disputes.

7

To be discoverable, information must first be relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also Guthrey v. California Dep't of Corr. & Rehab.*, 2012 WL 329554, at *2 (E.D. Cal. Aug. 7, 2012) ("Relevance requires . . . that the evidence have 'any' tendency to prove or disprove 'any' consequential fact."). The Court has broad discretion in determining relevancy for discovery purposes. *Jensen v. BMW of N. Am., LLC,* 328 F.R.D. 557, 560 (S.D. Cal. 2019) (citing *Surfvivor Media Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005), *U.S. Fidelity and Guar. Co. v. Lee Investments L.L.C.*, 641 F.3d 1126, 1136 (9th Cir. 2011)).

Likewise, discovery must be proportional to the needs of the case before it is permissible; relevancy alone is no longer sufficient. Fed. R. Civ. P. 26(b)(1); *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 652, 563 (D. Ariz. 2016). "The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 Advis. Comm. Notes to 2015 Amendment. "The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Jensen*, 328 F.R.D. at 560 (internal quotation marks and citations omitted). "The fundamental principle of amended Rule 26(b)(1) is that lawyers must size and shape their discovery requests to the requisites of a case." *Id.* The goal is "to provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.*

Plaintiffs contend that the deposition testimony of the Superway Employees is relevant to Defendant Superway's negligent training, supervision, and hiring of Defendant Singh and proportional to the needs of the case. (Doc. No. 53 at 5.) Defendants, in turn, argue that the proposed discovery is not relevant or proportional because Defendants have admitted that Defendant Superway is vicariously liable for Defendant Singh's negligence. (Doc. No. 61 at 19.) Citing to *Jeld-Wen, Inc.,* 131 Cal.App.4th 866 (2005), *Diaz v. Carcamo,* 51 Cal.4th 1148 (2011), and *Baglieri v. City & County of San Francisco,* 2011 WL 62224, at *15-16 (N.D. Cal. Jan. 7, 2011), Defendants explain that California law prohibits a plaintiff from pursuing a theory of direct liability for negligent hiring, training, supervision, retention,

or entrustment against an employer who admits vicarious liability for its employee's negligence. (*Id.* at 19-24.) Plaintiffs assert that Defendants' prior admissions and stipulations of vicarious liability are ineffective to remove the direct liability issues pertaining to Defendant Superway from the case because Defendants have not signed Plaintiffs' proposed stipulation of "100% liability" and admitted that Defendants are the cause of all injuries and damages claimed by Plaintiffs in this action. (*Id.* at 10-12.)

The scope of discovery encompasses information that is relevant to the claims and defenses at issue in the case. Fed. R. Civ. P. 26(b)(1). Because Plaintiffs' claims all arise under California law and federal courts sitting in diversity cases apply state substantive law, California law governs the nature and extent of the parties' claims and defenses here and consequently dictates the substantive scope of relevant discovery in this case. *See Erie Co. v. Tompkins,* 304 U.S. 64 (1938). As Defendants correctly note, California law prohibits a plaintiff from separately pursuing a direct negligence claim against an employer who admits vicarious liability. *Diaz,* 51 Cal.4th 1149. As the California Supreme Court has explained:

> "No matter how negligent an employer was in entrusting a vehicle to an employee, however, it is only if the employee then drove negligently that the employer can be liable for negligent entrustment, hiring, or retention. If the employee did not drive negligently, and thus is zero percent at fault, then the employer's share of fault is zero percent. That is true even if the employer entrusted its vehicle to an employee whom it knew, or should have known, to be a habitually careless driver with a history of accidents.
>
> . . . If, as here, an employer offers to admit vicarious liability for its employee's negligent driving, then claims against the employer based on theories of negligent entrustment, hiring, or retention become superfluous. To allow such claims in that situation would subject the employer to a share of fault *in addition to* the share of fault assigned to the employee, for which the employer has already accepted liability."

*Id*. at 1159-1160 (emphasis in original, citations omitted).

Here, Defendant Superway has admitted on numerous occasions that it is vicarious liable for Defendant Singh if he is found to be negligent, including in response to Plaintiff's requests for admissions and on the record during the informal discovery dispute resolution conference with the Court arising from the deposition of Defendant Singh. (*See* Doc. Nos. 18, 19, 61-1 at Ex. B, p. 23:4-24:9, 30:4-8, 31:23-32:9, 62 at Exhs. H, I.) *See* Fed. R. Civ. P. 34(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or

9

amended."). Thus, under *Diaz*, Plaintiffs cannot pursue claims for negligent hiring, negligent training, negligent supervision, negligent retention, and negligent entrustment against Defendant Superway. The Superway Employees' testimony therefore has no tendency to prove or disprove any consequential fact and is not relevant. *Diaz,* 51 Cal.4th at 1158; *Jeld-Wen,* 131 Cal.App.4th 866; *Baglieri,* 2011 WL 62224, at *15-16; *see also* Fed. R. Evid. 401.

Plaintiffs do not address *Diaz* or its application to this case in the motion or the Joint Statement re Discovery Disagreement and instead contend that the requested discovery is relevant because Defendants have not stipulated to "100% liability." (*See* Doc. Nos. 53, 57, 61 at 10-12.) However, under *Diaz,* all that is required is a stipulation of vicarious liability before a plaintiff is precluded from pursuing a theory of direct liability against an employer arising from an employee's negligent conduct. *Diaz,* 51 Cal.4th at 1158; *Jeld-Wen,* 131 Cal.App.4th at 866 ("Once the employer admittedly becomes vicariously liable for the negligent acts of the employee, there is no remaining basis at a future trial to attempt to prove the negligence of the employer itself . . . because the subject liability has already been adequately and completely established.") There does not appear to be any authority for the proposition that a stipulation of "100% liability" is required here as Plaintiffs contend.[3]

Plaintiffs have not met their burden of establishing that the requested discovery is relevant to any claim or defense at issue in this case. Likewise, in light of *Diaz,* the negligent training, supervision, and hiring of Defendant Singh do not have significant importance to the case, the requested discovery would not resolve any matters that remain at issue in the case, and the burden or expense of the proposed discovery outweighs its likely minimal benefit. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the Court finds that the testimony of the Superway Employees is neither relevant nor proportional to the needs of the case.

**D.      Plaintiffs Have Not Asserted a Claim for Punitive Damages**

---

[3] Although Plaintiffs cite to *Fuentes v. Tucker*, 31 Cal.2d 1 (1974) for the proposition that the Superway Employee's testimony is relevant despite Defendant Superway's admission of vicarious liability, the California Supreme Court's decision in that case is not controlling here. *Fuentes* involved the application of the proposition that where an issue is removed from a case by an admission, it is error to receive evidence which is material solely to the admitted matter. *Id.* at 5. Nothing in *Fuentes* alters the proposition that a plaintiff may not pursue direct negligence claims against an employer where the employer has admitted vicarious liability for its employee's negligence.

10

Plaintiffs additionally contend that an order compelling the depositions of the Superway Employees is proper because the Superway Employees' deposition testimony "could bear on a claim for exemplary damages." (Doc. Nos. 1, 61 at 14.) Defendants, in turn, contend that the 2015 amendments to Federal Rule of Civil Procedure 26(b)(1) "narrowed the scope of discovery" and evidence regarding punitive damages is not discoverable because there is presently no claim for punitive damages pled in the complaint and the requested information therefore has no bearing on an existing claim or defense. (Doc. No. 61 at 24-28.) Plaintiffs counter that, "[e]ven in light of the 2015 amendments to Rule 26, the scope of relevance remains the same as it has for nearly forty years: 'any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" (*Id.* at 26.)

As discussed above, for information to be discoverable, it must first be relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). Although Federal Rule of Civil Procedure 26(b)(1) was amended in 2015, the 2015 amendments did not alter this language from the previous version of the Rule. *See* Fed. R. Civ. P. 26 Advis. Comm. Notes to 2015 Amendment. However, before the 2015 amendments, inadmissible evidence was discoverable if it "appear[ed] reasonably calculated to lead to the discovery of admissible evidence." *Id.* This phrase was removed from Federal Rule of Civil Procedure 26(b)(1) because it had been used by many to incorrectly define the scope of discovery. *Id.*; *see also Caballero v. Bodega Latina Corp.*, 2017 WL 3174931, at *1 (citing *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)). While the prior 2000 amendments had sought to prevent this misuse by adding the word "relevant" at the beginning of the sentence, the "'reasonably calculated' language continued to create problems." Fed. R. Civ. P. 26 Advis. Comm. Notes to 2015 Amendment; *see also Caballero,* 2017 WL 3174931 ("Thus, the 2015 amendments deleted the 'reasonably calculated' language from Rule 26(b)(1), and litigants need to 'remove it from their jargon.'") (citations omitted); *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. at 563 ("The 2015 amendments thus eliminated the 'reasonably calculated' phrase as a definition for the scope of permissible discovery. Despite this clear change, many courts continue to use the phrase. Old habits die hard."); *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("The December 1, 2015 amendments to the Federal Rules of Civil Procedure are now 20 months old. It is time for all counsel to learn the now-current Rules and update their 'form' files."). Thus, the 2015 amendments did not narrow the scope of discovery but

instead clarified that the test remains whether evidence is "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26 Advis. Comm. Notes to 2015 Amendment.

Under California law, a vicariously liable employer may be subject to an award of punitive damages when an employee was negligent and "the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others," authorized or ratified the employee's wrongful conduct, or was personally guilty of oppression, fraud, or malice. Cal. Civ. Code § 3294(b); *Farvour v. Geltis,* 91 Cal.App.2d 603, 604-606 (1949); *Weeks v. Baker & McKenzie,* 64 Cal.App.4th 1128, 1148 (1998). Additionally, *Diaz* does not preclude recovery of punitive damages where an employer has admitted vicarious liability provided there is a proper showing of misconduct. *CRST, Inc. v. Superior Court,* 11 Cal.App.5th 1244, 1264 (2017). Nonetheless, "the standard of relevancy is not so liberal as to allow a party to . . . explore matter which does not presently appear germane on the theory that it might conceivably become so." *Guthrey,* 2012 WL 3249554, at *2. "District courts need not condone the use of discovery to engage in fishing expeditions." *Rivera v. NIBCO,* 364 F.3d 1057, 1072 (9th Cir.2004) (internal quotation marks and citations omitted). Here, there is no claim for punitive damages presently set forth in the complaint and the deadline for amendment of the pleadings has expired. (*See* Doc. Nos. 1, 55.) Discovery regarding exemplary or punitive damages is therefore not relevant to any claims or defenses as required under Federal Rule of Civil Procedure 26(b)(1) and Plaintiffs are not entitled to discovery on this topic solely because it "might conceivably become" relevant. *See Guthrey,* 2012 WL 3249554, at *2; *Rivera,* 364 F.3d at 1072.

Plaintiffs further contend that the Court should compel the Superway Employees' depositions because the scope of discovery encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." (Doc. No. 61 at 26.) This standard was enunciated in *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340 (1978) as part of the Supreme Court's interpretation of a previous version of Federal Rule of Civil Procedure 26(b)(1), which defined the scope of discovery as any matter that is "relevant to the subject matter involved in the pending action." *Oppenheimer Fund, Inc,* 437 U.S. at 351. However, the "subject matter" standard was removed by the 2000 amendments to the Rule and replaced by the current standard of relevance to the parties' claims

and defenses. *See* Fed. R. Civ. P. 26 Advis. Comm. Notes to 2000 Amendment; *see also San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 2017 WL 3877731, at *1 (S.D. Cal. Sept. 5, 2017) ("[T]he *Oppenheimer Fund* definition, like the version of Rule 26(b)(1) that preceded the 2015 amendments, is now relegated only to historical significance.") Notwithstanding these amendments, the *Oppenheimer Fund* standard only encompasses matters that "bear on" or "could bear on" a party's "claim or defense." *See Oppenheimer Fund, Inc,* 437 U.S. at 351. As discussed above, there is no claim for punitive damages pled in the complaint and the deadline for amendment of the pleadings has expired. (*See* Doc. Nos. 1, 55.) Discovery regarding punitive damages therefore has no bearing on a party's claim or defense in this case, even under the *Oppenheimer Fund* standard.

### IV.  CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' motion to compel (Doc. No. 53) is DENIED.

IT IS SO ORDERED.

Dated: **May 28, 2019**              /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE